# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION             PLAINTIFF

V.                                                   CIVIL ACTION NO. 3:17-cv-757-DPJ-FKB

FAURECIA AUTOMOTIVE SEATING, LLC., and
FAURECIA MADISON AUTOMOTIVE SEATING, INC.          DEFENDANTS

## ORDER

This cause is before the Court on two motions to consolidate, one [60] filed by Charles Blount, and one [62] filed by Daisy Wilkerson. Blount, the plaintiff in Civil Action No. 3:17-cv-854-CWR-LRA, and Wilkerson, the plaintiff in Civil Action No. 3:17-cv-853-LG-RHW, have moved to consolidate their individual cases with this case, Civil Action No. 3:17-cv-757-DPJ-FKB. Having considered the motions, responses, and rebuttals of the parties, the Court finds that the motions to consolidate should be denied.

The Equal Employment Opportunity Commission ("EEOC") filed this case on behalf of fifteen claimants ("EEOC claimants") who were former hourly employees of Johnson Controls, Inc. ("JCI") at its plant in Madison, Mississippi. It alleges that in 2011, Faurecia Automotive Seating, LLC., and Faurecia Madison Automotive Seating, Inc., (collectively "Faurecia") announced that they were acquiring JCI's Madison facility. [37] at 4. Faurecia informed JCI's hourly employees that Faurecia would consider all JCI Madison hourly employees for employment. *Id.*; [39] at 4. The EEOC alleges that Faurecia failed to hire the EEOC claimants because they were disabled, regarded as disabled, had a record of a disability, or because of their association with an individual who had a disability, and as such violated the Americans with Disabilities Act ("ADA"). [37] at 4. The EEOC's suit names only the Faurecia entities as defendants. *See* [37].

Blount and Wilkerson are also former JCI Madison hourly employees who were not hired by Faurecia after it purchased JCI Madison. Like the EEOC, they are suing Faurecia for violations of the ADA. *See* 3:17-cv-853-LG-RHW at [1]; 3:17-cv-854-CWR-LRA at [1]. Unlike the EEOC, however, Blount and Wilkerson have sued JCI. *Id.*

Blount and Wilkerson argue that their cases should be consolidated with this case. The EEOC does not oppose consolidation; Faurecia and JCI both do. [65]; [70]; [72].

Rule 42 of the Federal Rules of Civil Procedure provides that the court may consolidate multiple pending actions "involving a common question of law or fact ... [and] may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). With broad discretion in determining whether to consolidate actions, federal courts consider many factors, including:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

*In re Camp Arrowhead, Ltd.*, No. CIVA SA-10-cv-170-XR, 2010 WL 841340, at *1 (W.D. Tex. Mar. 8, 2010); *see also Crest Audio, Inc. v. QSC Audio Prod., Inc.*, No. 3:12-cv-755-CWR-FKB, 2016 WL 3249217, at *2 (S.D. Miss. Mar. 4, 2016).

Considering these factors, the Court finds that Blount's case and Wilkerson's case should not be consolidated with the EEOC's case. When Blount and Wilkerson filed their motions to consolidate, EEOC and Faurecia had already conducted a significant amount of discovery, including serving and responding to interrogatories, requests for production of documents, and

requests for admission. *See* [28]-[33], [41]-46]. Since then, the EEOC and Faurecia have noticed or taken twenty-nine depositions. *See* [88]-[95], [103]-[121], [123]. Further, the EEOC and Faurecia have already designated experts. *See* [87], [128]. Consolidating the cases, and adding three additional parties to the EEOC case, would cause another round of written discovery and necessitate many, if not all, of the 29 deponents being redeposed. In addition, consolidation would cause another round of expert designations, increase the number of experts, and expand expert discovery. All of these things would expand the scope and extend the time of discovery, increase the number and issues of dispositive and expert-related motions, and delay the trial of this case.

Consolidation would also result in a significant risk of prejudice to JCI. In the present posture of these cases, JCI is a defendant in two, single-plaintiff cases. Blount and Wilkerson propose that this Court drag JCI into a case with fifteen claimants whose claims are being prosecuted by a federal agency, the EEOC. Consolidation would cause a drastic increase in JCI's cost of defense. Consolidation would also increase litigation costs for Faurecia and the EEOC. Meanwhile, Blount and Wilkerson would reap the benefit of the EEOC doing some of their work for them, both in discovery and at trial, and they would reap the benefit of a federal agency's presence at trial as a party plaintiff, even though the EEOC did not sue JCI and did not include Blount or Wilkerson as EEOC claimants. Considering the impact of consolidation, the Court finds that it would risk significant prejudice to JCI and an unfair advantage to Blount and Wilkerson.

Although the cases share some common questions of law and fact, consolidation would introduce entirely new questions of law and fact into this case. For example, Blount and Wilkerson assert an agency theory of liability against JCI. *See* 3:17-cv-854-CWR-LRA, [1] at ¶ 29; 3:17-cv-853-LG-RHW, [1] at ¶ 29. The EEOC asserts no such agency theory, and in fact, did not file suit against JCI in this case. In its defense, Faurecia will likely assert facts specific to Blount and

Wilkerson as to why it did not hire them, which would add new questions of fact and law in this case. The introduction of new questions of fact and law through adding Blount and Wilkerson as plaintiffs and JCI as a defendant would increase the time and cost of discovery and trial and create a risk of jury confusion, which would not exist if the cases are not consolidated.

The Court also considers whether the risks of prejudice and confusion are "outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately." The Court finds that they are not. The jury in this case will not be deciding the facts as to why Blount or Wilkerson were not hired. Likewise, legal decisions will be based on the facts specific to Blount's case and to Wilkerson's case, respectively, which are not identical to all of the facts specific to the fifteen separate EEOC claimants. The Court acknowledges that these cases may share some common legal issues, but the risks of confusion and prejudice to JCI outweigh any risks of inconsistent adjudications on those legal issues. The undersigned also notes that, to the extent any risk of inconsistent adjudications exists, the risk could be removed by transferring Blount's and Wilkerson's cases to the district judge and magistrate judge assigned to this case. Whether the cases will be so transferred is in the discretion of the Chief District Judge.

In addition, the Court finds that consolidation would not reduce the time for resolving the cases or the cost of trying the cases separately. In fact, consolidation would actually increase the time necessary for resolving this case, since a new defendant and new liability theories would be added, and as mentioned above, consolidation would drastically increase JCI's costs of trial. Although consolidation may conserve some judicial resources, the Court could conserve judicial resources by transferring these cases to the same magistrate judge and district judge.

For the reasons stated above, the Court finds that Blount's case and Wilkerson's case should not be consolidated with the EEOC's case. Accordingly, the motion to consolidate [60] filed by Blount and the motion to consolidate [62] filed by Wilkerson are denied.

The undersigned refers this matter to Chief District Judge Daniel P. Jordan, III, for consideration of whether *Blount v. Johnson Controls, Inc., et al,* Civil Action No. 3:17-cv-854-CWR-LRA and *Wilkerson v. Johnson Controls, Inc., et al,* Civil Action No. 3:17-cv-853-LG-RHW should be transferred and reassigned as addressed above.

SO ORDERED, this the 25th day of June, 2018.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE