**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br>   ) <br> **Plaintiff,** ) <br>   ) <br> v.  ) <br>   ) <br> FAURECIA AUTOMOTIVE ) <br> SEATING, LLC; ) <br> FAURECIA MADISON AUTOMOTIVE ) <br> SEATING, INC. ) <br>   ) <br> **Defendants.** ) | **CIVIL ACTION NUMBER:** <br> **3:17-cv-757-DPJ-FKB** |

## CONSENT DECREE

A.    This action was instituted by the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against Defendants Faurecia Automotive Seating, LLC and Faurecia Madison Automotive Seating, Inc. (hereinafter referred to collectively as "Defendants") pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq*. (hereinafter "ADAAA"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful practices identified in the Complaint filed in this action and any amendments thereto.

B.    The Commission alleges in the foregoing civil action that Defendants acted unlawfully by subjecting Neda Sykes-Travis, and a group of fourteen other individuals, to discrimination in violation of the ADAAA. In its Amended Complaint, the Commission seeks make-whole relief including, but not limited to, back pay with interest, compensatory and punitive damages, and injunctive and other affirmative relief. The EEOC sought relief on behalf of Neda Sykes-Travis and a group of fourteen other individuals whom it contends have been subjected to

1

discrimination in violation of the ADAAA (hereafter the "Class" or "Claimants"). Defendants deny that either violated the ADAAA as alleged by the Commission in its Amended Complaint. The Parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation and desire to formulate a plan to be embodied in this Consent Decree that will promote and effectuate the purposes of the ADAAA. The parties enter into this Consent Decree to further the objectives of the ADAAA and equal employment opportunity.

C. In the interest of resolving this matter and avoiding the expense of further litigation, the EEOC and Defendants (the "Parties") hereby stipulate and agree that this action shall be finally resolved by entry of this Consent Decree ("Decree").

D. This Decree does not constitute a finding on the merits of the case. The EEOC and Defendants have consented to the entry of this Decree to avoid the additional expense that continued litigation of this case would involve.

E. This Decree constitutes the complete and exclusive agreement between the Commission and Defendants with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made between the parties, other than those recited or reference in this Decree.

F. In the event this Decree is not approved or does not become final, the Commission and Defendants agree that it will not be admissible in evidence in any subsequent proceeding in this lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court hereby **APPROVES** the Decree and **FINDS**:

      a.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree adequately protects the rights of the EEOC, Defendants, and the public interest.

      b.      This Decree conforms to the Federal Rules of Civil Procedure and the ADAAA and does not derogate the rights or privileges of any person. The entry of this Decree furthers the objectives of the ADAAA and appears in the best interest of the parties and the public.

      c.      This Decree is entered into by the EEOC and Defendants. This Decree shall be final and binding between the EEOC and Defendants, their directors, officers, agents, employees, successors or assigns, and all persons in active concert or participation with them.

      d.      The EEOC and Defendants do hereby agree to the entry of this Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 3:17-cv-757-DPJ-FKB.

Upon consent of the parties to this action, it is hereby **ORDERED**, **ADJUDGED, AND DECREED**:

## I. JURISDICTION

1.      The Parties stipulate that the United States District Court for the Southern District of Mississippi, Northern Division, has jurisdiction over the Parties and the subject matter of this litigation. The Court shall retain jurisdiction over this case in order to enforce the terms of the Decree.

2.      No party shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of the EEOC to seek enforcement in the event Defendants breach any of the terms of this Decree.

## II.    DEFINITIONS

The following terms, when used in this Consent Decree, shall have the following meanings as set forth below. All terms defined in the singular shall have the same meaning when used in the plural, and all terms defined in the plural shall have the same meaning when used in the singular.

A. "Charging Parties" - Neda Sykes-Travis, Sadie Heard, Sheila Green, Quincey M. Williams, Tavonya K. Grant, Linda Denise Mannie, Gwendolyn Cotton-Lee, Angela Brooks, Anita Andrews, Darlene Jones Powell, Lorenzo Dixon, and Billy James, who filed EEOC Charges against "Faurecia Automotive Seating, Inc." on whose behalf this suit was filed.

B. "Claimants" - Former Johnson Controls, Inc. ("JCI") employees who have been identified by the Commission as denied employment allegedly because of their alleged disability or association with an individual who has a disability, including the Charging Parties identified above and Tameka Brookshire, Christopher Sewell, and Tyshune D. Wilson.

C. "Consent Decree" - This Consent Decree, embodying the terms of the Parties' settlement, including all of the Exhibits attached thereto.

D. "Defendants" - Any or all of the named Defendants in this action, including Defendants, Faurecia Automotive Seating, LLC and Faurecia Madison Automotive Seating, Inc.

E. "Effective Date" - The Effective Date of this Consent Decree is the date on which the Court gives final approval to the Consent Decree, after hearing, if required.

F. "Faurecia" - Faurecia refers to Faurecia Automotive Seating, LLC.

    G. "Faurecia Madison" - Faurecia Madison refers to Faurecia Madison Automotive Seating, Inc.

    H. "Facility" - The facility refers to the plant owned and operated by Faurecia Madison, located at 272 Old Jackson Road; Madison, Mississippi 39110.

    I. "Monetary Award" - The settlement amount which the EEOC determines will be paid to a particular Claimant.

    J. "Parties" - The Parties are Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), and Defendants, Faurecia Automotive Seating, LLC and Faurecia Madison Automotive Seating, Inc.

### III. SCOPE AND DURATION OF THIS DECREE

1. Except as otherwise indicated herein, this Decree shall apply to Faurecia Madison and its operations at the Facility.

2. This Decree resolves all issues and claims arising from the Charges of Discrimination against "Faurecia Automotive Seating, Inc.," including any and all claims brought under the single-filer rule.

3. This Decree shall remain in effect for two (2) years from the date the Court gives final approval to the Decree (the "Effective Date").

4. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendants and to commence civil actions on any such charges as the Commission sees fit.

5. Nothing in this Decree shall be deemed to create any rights on the part of non-parties to enforce this Decree. The right to seek enforcement of the Decree is vested exclusively in the Parties.

6. Nothing in this Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the obligations of Defendants under the ADAAA.

7. Nothing in this Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC against Defendants.

### IV. GENERAL PROVISIONS

1. Jurisdiction of this Court is pursuant to 28 U.S.C. §§ 1331, 1337, 1343, and 1345. This action is authorized pursuant to Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case and shall not be construed as an admission by any party with respect to the claims asserted in this case. Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

3. Faurecia Madison shall comply with the ADAAA by making reasonable accommodations to the known physical and mental limitations of otherwise qualified individuals with disabilities who are applicants or employees, unless Faurecia Madison can demonstrate that the accommodations would impose an undue hardship on the operation of Faurecia Madison's business.

4. Faurecia Madison shall not retaliate against any individual because that individual is a beneficiary of this Consent Decree or has provided information or assistance to the EEOC

in connection with this action or has participated in any other manner in any investigation or proceeding relating to this action. Faurecia Madison further shall not retaliate against individuals for engaging in protected conduct under the ADAAA.

## V.   NON-DISCRIMINATION

Faurecia Madison, and its officers, agents, employees, successors, and assigns, and all those in active concert or participation with them, are permanently enjoined for the duration of this Consent Decree from discriminating against an employee or applicant for employment in violation of the ADA.  The prohibited practices include, but are not limited to, the following:

   a. Refusing to engage in the interactive process to provide a reasonable accommodation in accordance with the Americans with Disabilities Act, as amended;

   b. Retaliating against any employee or applicant for asserting rights under the ADA or engaging in other activity protected by the ADA; and

   c. Subjecting any employee or applicant to adverse terms and conditions of employment, including harassment, because the employee is disabled under the ADA.

## VI. NON-RETALIATION

1. Faurecia Madison shall not subject any individual to retaliation for engaging in a protected activity and shall comply fully with all provisions of this Consent Decree and the ADA.

2. Faurecia Madison, including their officers, agents, employees, successors, and assigns, and all those in active concert or participation with them are permanently enjoined for the duration of this Consent Decree from subjecting any individual to retaliation of any kind any person because such person:

    a. Opposed any practice made unlawful under the ADA;

    b. Contacted, or filed a charge of discrimination with, the Commission or a state agency in relation to the ADA;

    c. Testified, assisted or participated in any manner in a workplace ADA-related inquiry, investigation, proceeding, or hearing;

    d. Testified, assisted or participated in any manner in an EEOC or state agency ADA-related investigation, proceeding, or hearing;

    e. Requested and/or received relief in accord with this Consent Decree;

    f. Participated in any manner in this action or in the EEOC investigation giving rise to this action; and

    g. Asserted any rights under the ADA or this Consent Decree.

3. Faurecia Madison further shall not coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or because of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA.

## VII. CLAIMS RESOLVED AND EFFECT OF CONSENT DECREE

1. This Decree resolves all issues and claims that were or could have been asserted in this civil action, including but not limited to the Charges of Discrimination filed by Charging Parties. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendants and to commence civil actions on any such charges as the Commission sees fit.

2. The EEOC agrees that it will not use any of the Charges of Discrimination filed by Charging Parties as a basis for subsequent litigation by the EEOC.

## VIII. AFFIRMATIVE RELIEF

1. Consent Decree Notice

    a. Posting **-** Within thirty (30) days of the Effective Date of this Consent Decree, Faurecia Madison will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations.

    b. Within thirty (30) calendar days after entry of this Consent Decree, Faurecia Madison shall post 8½-inch-by-11-inch sized copies of a notice in the form of "Exhibit A" attached to this Consent Decree on all bulletin boards usually used by Faurecia Madison for announcements, notices of employment policy, or practice changes to employees, during the term of this Consent Decree and at every location employee bulletins are posted and where applications are accepted. Faurecia Madison will additionally provide a copy of the notice to all third-party recruiters or staffing agencies with whom Faurecia Madison contracts for hourly labor and staffing services.

2. Training

    a. Faurecia Madison is currently on shutdown due to the Coronavirus/COVID-19 pandemic (the "Pandemic"). Within ninety (90) days from the reopening of the facility after the Pandemic, and annually during the term of this Decree, Faurecia Madison will provide not less than sixty (60) minutes of live ADA training (which may, at Faurecia Madison's option, utilize web-conferencing) for personnel with primary responsibility for administering Faurecia Madison's hiring process and persons in Faurecia Madison's Human Resources

department whose job duties include hiring, firing, evaluating medical examinations, or making decisions regarding reasonable accommodations.

b. The training required under this section shall address the Faurecia Madison's equal employment opportunity obligations under the ADA, including, but not limited to the following topics: (a) the employer's obligation to not discriminate against employees because they have a disability and not to retaliate against employees who have engaged in protected activity; (b) any medical inquiry that is made to applicants prior to making a conditional offer of employment complies with the requirements of 42 U.S.C. § 12112(d); and (c) the employer's obligation to make reasonable accommodations to the known physical and mental limitations of otherwise qualified individuals with a disability who are applicants or employees, unless the employer can demonstrate that the accommodations would impose an undue hardship on the operation of the employer's business.

c. Faurecia Madison shall also re-distribute its revised EEO policy to training participants as part of the training.

d. Faurecia Madison shall provide written certification to the Commission of all training completed pursuant to this Section within fifteen (15) business days following completion of each training. The certification shall include the name(s) and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, and a detailed outline of the training topics.

    e. All written notice and certification required by this Section of the Consent Decree shall be addressed and EEOC directed to: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Ste 2000, 1130-22nd St. South, Birmingham, Alabama 35205.

### IX. MONETARY RELIEF FOR CLAIMANTS

1. Monetary Relief

    a. Defendants agree to pay Monetary Relief for back pay and compensatory damages in the total amount of eight hundred twenty-five thousand dollars ($825,000.00) to the Claimants within sixty (60) days after the EEOC complies with subparagraph (b) of Section IX of this Consent Decree.

    b. The monetary relief will be distributed according to a distribution list the EEOC will provide to Defendants within fifteen (15) days of the Effective Date of this Decree. The distribution list will set forth the name of each individual entitled to a Monetary Award under this Decree, his or her corresponding social security number, his or her banking information including name of banking institution, routing number and account number for the institution into which the funds will be direct deposited and the gross amount each Claimant will receive. In addition to the Distribution List, the EEOC will provide from each Claimant a voided check or letter from the Claimant's bank with routing and account numbers and a completed W-9. The EEOC will, in its sole discretion, determine how to allocate the monetary relief among the Claimants.

    c. Faurecia Madison shall issue payment of the Monetary Award, less tax withholdings required by law on ten percent (10%) of each Claimant's

>    Monetary Award, which is designated as back wages, to the Claimants by direct depositing the funds to each Claimant using the banking information for each Claimant provided by the EEOC. Concurrently, copies of the direct deposit slips and related correspondence must be submitted to the Commission, at the following address: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Ste 2000, 1130-22nd St. South, Birmingham, Alabama 35205.
>
> d.  All parties will be obligated to comply with applicable state and federal laws regarding tax matters. Faurecia Madison will issue to Claimants the applicable United States Internal Revenue Service ("IRS") forms as necessary for compliance. Claimants will have responsibility for payment of taxes in accordance with existing state and federal tax laws.
>
> e.  Faurecia Madison will promptly notify the EEOC in the event any funds to Claimants are undeliverable. Faurecia Madison will obtain any additional information needed from EEOC to ensure that Claimants receive the funds by direct deposit.

### X. POLICIES AND PROCEDURES

1. Within ninety (90) days of the Effective Date of this Decree, Faurecia Madison shall review, and to the extent it has not already done so, revise its hiring policies, procedures and guidelines, and its EEO Policy. At a minimum Faurecia Madison's policies and procedures shall explicitly state Faurecia Madison shall not discriminate against individuals by failure to hire and/or limiting, segregating, or classifying individuals because of their disability or association with an individual who has a disability and shall contain and provide for the following:

      a. A requirement that Faurecia Madison's upper-level management and human resources employees and on-site upper-level management and human resources staff be trained on the requirements of the ADA;

      b. Notice to all employee and applicants (via the policies and procedures, and a poster displayed in a public area) of their rights under the ADA;

      c. A provision for disciplinary action, up to and including termination, that shall be imposed on supervisors, managers, and human resources employees who violate the ADA, this Consent Decree, and Faurecia Madison's ADA policies and procedures;

      d. A process for employees and applicants to report complaints of ADA related discrimination and retaliation;

      e. A system for disseminating a copy of Faurecia Madison's ADA policy and procedures to all Faurecia Madison's employees; and

      f. An assurance of non-retaliation for persons who wish to report that they have been discriminated against or witnessed discrimination in violation of the ADA.

2. Within one hundred twenty (120) days of entry of this Decree, Faurecia Madison shall distribute a copy of its revised EEO policies and procedures to all employees in a manner that is consistent with its current mechanism for notifying employees of policy and procedures.

3. Faurecia Madison shall promptly and appropriately investigate all complaints of discrimination and retaliation under the ADA. The investigation of all such complaints shall be documented and maintained by Faurecia Madison for the duration of this Consent Decree.

## XI.   REPORTING AND RECORDKEEPING

**1.   Document Preservation**

    a. **Records Relating to Hiring and Firing** - For the Term of the Consent Decree, to demonstrate compliance with this Decree, Faurecia Madison agrees to retain (1) records relating to hiring and firing of candidates for employment and employees pursuant to its hiring policies, procedures, and guidelines; and (2) records relating to any complaints relating to the administration of Faurecia Madison's policies, procedures, and guidelines made to Faurecia Madison's Human Resources Department.

    b. **Record Retention Obligations** – Faurecia Madison acknowledges that it will comply with its existing record retention obligations pursuant to the EEOC's regulations and all applicable laws, including with respect to maintenance of personnel records as required under 29 C.F.R. § 1602.4.

2.    **Reports**

    a. During the Term of this Consent Decree, Faurecia Madison shall submit annual reports to the EEOC. With each report, Faurecia Madison shall submit all data in electronic form where available, and otherwise in hard copy form.

    b. The first reporting period will begin on the Effective Date of this Consent Decree and will end on the last day of the twelfth complete calendar month thereafter. Each subsequent reporting period will be twelve (12) calendar months. The annual report contemplated in this paragraph shall be submitted no later than sixty (60) days after the close of each reporting period.

    c. Each report shall contain summary report of all complaints of disability discrimination made to Faurecia Madison's Human Resources department and charges filed with the EEOC, including any investigation and/or action taken in

response to said complaints.

## XII. ENFORCEMENT OF CONSENT DECREE

1. **Enforcement** - It is expressly agreed that if any Party concludes that any other Party has breached this Consent Decree, the moving Party may make an application to the Court to enforce the provisions of this Consent Decree.

2. **Requirement of Informal Resolution Efforts**

   a. **Notice of Dispute** - Prior to initiating an action to enforce the Consent Decree, the moving party will provide written notice to all other Parties regarding the nature of the dispute. This notice shall specify the particular provision(s) believed to have been breached and a statement of the issues in dispute. The notice may also include a reasonable request for documents or information relevant to the dispute.

   b. **Response to Notice of Dispute** - Within thirty (30) days after service of the Notice of Dispute, the non-moving Party will provide a written response. The Moving Party may also submit a reply within fourteen (14) days after service of the non-moving Party's written response.

   c. **Service** - Service of the Notice of Dispute and any Response shall be made by hand-delivery, facsimile transmission, or electronic mail.

   d. **Meeting** - After service of the Responses, the Parties will schedule a telephonic or in-person meeting to attempt to resolve the dispute.

   e. **Dispute Resolution Period** - If the dispute has not been resolved within sixty (60) days after service of the Notice of Dispute, an action to enforce the Consent Decree may be brought in this Court.

## XIII.   DECREE TERM AND PERIOD OF JURISDICTION

1.   **Decree Term** - This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of twenty-four (24) calendar months immediately following the Effective Date of the Consent Decree, provided that all remedial benefits required hereby have been received or offered prior to their expiration and, provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree.

2.   **Period of Jurisdiction** - This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for twenty-four (24) calendar months from the Effective Date of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said twenty-four (24) calendar month period, moved to enforce compliance with the Consent Decree. If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions have been resolved. At the expiration of the 24 calendar month period of jurisdiction, if all obligations have been performed by the parties under this Consent Decree, and no disputes regarding compliance remain unresolved, the Consent Decree shall expire without further order of this Court.

## XIV.   OTHER ACTIONS

1.   This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Faurecia Madison by other individuals in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to the ADA (or any other statutes enforced by the Commission) on any such charges. Nothing in this Consent Decree shall be construed to limit or reduce Faurecia Madison's obligation

to fully comply with the ADA. Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XV.   COSTS AND ATTORNEY'S FEES

1. The EEOC and Defendants shall bear their own respective costs and attorneys' fees for this action.

2. All reports or other documents sent to the Commission by Faurecia Madison pursuant to this Consent Decree shall be sent: (a) by electronic mail to william.hopkins@eeoc.gov; (b) by electronic mail to harriett.oppenheim@eeoc.gov, and (c) by U.S. mail to Regional Attorney, EEOC, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

3. The Parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

SO ORDERED, ADJUDGED, AND DECREED this 12th day of MAY 2020.

Honorable Daniel P. Jordan
U.S. District Court Judge

APPROVED AND CONSENTED TO:

*Stanislava Placha*

FAURECIA AUTOMOTIVE
SEATING, LLC
By: Stanislava Placha
     (Printed Name)
Its FAS NAO HR VP
     (Title)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FAURECIA MADISON
AUTOMOTIVE SEATING, INC.
By: DANIEL L. FOX
     (Printed Name)
Its PLANT MANAGER
     (Title)

MARSHA RUCKER   5/11/20
Regional Attorney
(PA Bar # 90041)

JENNIFER G. HALL
Shareholder
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
One Eastover Center
100 Vision Drive Suite 400
Jackson, MS 39211
Phone: (601) 351-2483
Fax: (601) 510-9776
Email: jhall@bakerdonelson.com

HARRIETT F. OPPENHEIM
Senior Trial Attorney
(MS Bar No.: 103149)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Jackson Area Office
Dr. A.H. McCoy Federal Building
100 W. Capitol Street, Suite 338
Jackson, MS 39269
Email: harriett.oppenheim@eeoc.gov

Attorney for Defendants

Attorneys for Plaintiff

18

## **APPENDIX A - N O T I C E**

## **STATEMENT OF EEO POLICY**

It is the policy of Faurecia Madison Automotive Seating, Inc. to offer employment opportunities to all qualified employees and applicants, regardless of race, age, sex, color, religion, national origin, or disability.  There will be no discrimination in violation of the provisions of Title I of the Americans with Disabilities Act (ADA) of 1990, as amended; the Age Discrimination in Employment Act (ADEA) of 1967; Title VII of the Civil Rights Act of 1964, (Title VII), as amended; the Equal Pay Act (EPA) of 1963; or, the Genetic Information Nondiscrimination Act (GINA) of 2008.

Title I of the Americans with Disabilities Act of 1990, as amended, prohibits discrimination against qualified individuals with disabilities in all employment practices, including in hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment.  In particular, the ADA requires employers to make reasonable accommodations for an employee's known disability, if doing so would not cause the employer an undue hardship. We wish to emphasize that it is Faurecia Madison Automotive Seating, Inc.'s fundamental policy to comply with the ADA, and to provide equal opportunity for disabled employees.  All employees shall feel free to exercise their rights under this policy.

Faurecia Madison Automotive Seating, Inc. will not retaliate against employees who avail themselves of their rights under the ADA by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation.  If you believe you have been discriminated against, subjected to retaliation, or have been a witness to discrimination or retaliation, you may contact the Equal Employment Opportunity Commission.  The EEOC is an agency of the U.S. government that enforces federal civil rights laws in the workplace, including the ADA. The EEOC charges no fees and has employees who speak languages other than English.

The address and telephone number of the nearest office of the Equal Employment Opportunity Commission is:

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Dr. A. H. McCoy Federal Building**
**100 W. Capitol Street, Suite 338**
**Jackson, Mississippi 39269**
**(601) 948-8466**

## **D O  N O T  R E M O V E  T H I S  N O T I C E!**

This notice is posted pursuant to a Consent Decree entered into with the U.S. Equal Employment Opportunity Commission.  This Notice must remain posted for two (2) years from _____ and must not be altered, defaced or covered, by any other material.  Any questions about this Notice or compliance with its terms may be directed to: Regional Attorney EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130-22nd St. South, Birmingham, Alabama 35205.